(32 Misc. Rep. 210.)

                    In re LYMAN.

        (Supreme Court, Special Term, Kings County. July, 1900.)

1. INTOXICATING LIQUORS—LIQUOR TAX CERTIFICATES—CANCELLATION.
        While the liquor tax law permits one person to hold certificates for dif-
        ferent places without number, the violation by that individual of any of
        the provisions of the law will forfeit all tax certificates held by him, wher-
        ever the premises are situate.
2. SAME—PROCEEDINGS TO REVOKE.
        It is not objectionable, in one proceeding to revoke liquor tax certifi-
        cates, to join several places, where certificates are held by the same per-
        son, since there is no provision in the law forbidding it.

Application by Henry H. Lyman, state commissioner of excise,
for an order revoking and canceling certain liquor tax certificates
issued to William Texter. Application granted.

P. W. Cullinan, for petitioner.
Hirsh & Rasquin, for respondent.

DICKEY, J. The liquor tax law is concerned with individuals
holding liquor tax certificates as well as the particular place where
business is carried on. While the law permits one person to hold
certificates for different places without number, as I interpret the
law, the violation by that individual of any of the provisions of the
law will forfeit all tax certificates held by him, wherever the prem-
ises are situate. It is meant to be drastic in its operations against
violators of its provisions, so that any offender loses all his rights
to traffic in liquors anywhere. I do not think it objectionable in
one proceeding to join several places where certificates are held
by the same person. There is no provision in the law forbidding it,
and the law fairly contemplates it.
Ordered accordingly.